UNITED STATES DISTRICT COURT
DISTRICT OF THE COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM N. MANTALVANOS ) <br> IOANNA MANTALVANOS ) <br> ) <br> *Plaintiff*, ) <br> ) <br> vs. ) <br> ) <br> ) <br> NATIONSTAR MORTGAGE LLC ) <br> FEDERAL NATIONAL MORTGAGE ASSN ) <br> ) <br> *Defendants*. ) | CA NO. 16-11135 <br><br> COMPLAINT <br><br> JURY DEMAND |

**INTRODUCTION**

1. This complaint is brought by Plaintiffs' William N. & Ioanna Mantalvanos against Defendants' Nationstar Mortgage LLC ("Nationstar") and Federal National Mortgage Association for wrongful foreclosure of their primary residence and quieting title of the subject property located at 58 Whisper Drive, Worcester, MA 01609. Plaintiffs' set forth that the foreclosure sale on said residential property is null and void for the Defendants' failure to strictly adhere to the notice provisions and terms of the "statutory power of sale and any other remedies permitted by applicable law" as stated in paragraph 22 of said mortgage, as well as, the Defendants' failures to comply with Mass G.L. c. 183, § 21, G.L. c. 244, § 15A; and 209 CMR 18.21A(2)(c).

2. The Plaintiffs' pray that this Honorable Court declare the foreclosure sale to be void, enjoin Defendants from evicting the Plaintiffs' from their rightful property, order that the ownership of the property be restored in Plaintiffs' name, quiet the titles of

Plaintiffs' property by declaring Plaintiffs the sole owner, and award money damages to the Plaintiffs

## JURISDICTION AND VENUE

### JURISDICTION

3.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the Commonwealth of Massachusetts.

4.      Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the Commonwealth of Massachusetts.

5.      Plaintiffs further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

a.      Plaintiffs, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

6.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located at 58 Whisper Drive, Worcester, MA 01609, and the Plaintiffs reside at said subject property.

7.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Massachusetts.

8. Plaintiffs' further aver that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

a) Mass. Gen. Laws c. 244 §15A wherein the Defendants sent to the occupants a letter purporting to comply with ch. 244 §15A that falsely claimed that the property had been conveyed to an Edward Jardus;

b) Mass. Gen. Laws c. 183 § 21 wherein the Defendants invoked the "Statutory Power of Sale and any other remedies permitted by Applicable Law", yet failed to send Plaintiffs' Certificate Relative to Foreclosing Party's Right To Foreclose Pursuant to 209 CMR 18.21A(2)(C) that certified in writing "the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage".

## PARTIES

7. Plaintiffs, William N. & Ioanna Mantalvanos, reside at and claim to be the owners of real property located at 58 Whisper Drive, Worcester, MA 01609, which is the subject property referenced herein.

8. Defendant Nationstar Mortgage LLC ("Nationstar") is a mortgage servicer located at 350 Highland Drive, Lewisville, TX 75067.

9. Defendant Federal National Mortgage Association ("FNMA") is a government-sponsored agency that purports to be the investor or owner/ holder of the promissory note in which the Mortgage purports to secure. FNMA is headquartered at 3900 Wisconsin Avenue, NW, Washington, DC.

## FACTS

10. Plaintiffs, William N. & Ioanna Mantalvanos reside at and claim to be the owners of real property located at 58 Whisper Drive, Worcester, MA 01609, which is the subject

property referenced herein.  The Deed granting Plaintiffs the Property was recorded in the Worcester County Registry of Deeds on November 22, 2005 in Book 37860 at Page 198

11.    On November 22, 2005, Plaintiffs' executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") and a promissory note to Drew Mortgage Associates, Inc for $359,650.00.  The Mortgage was recorded in the Worcester County Registry of Deeds Book 37860 at Page 200 on November 22, 2005.

12.    On July 20, 2009, MERS purportedly assigned the subject mortgage "TOGETHER with the note or notes therein described or referred to" to Amtrust Bank, f/k.a Ohio Savings Bank.  Said purported "First Assignment of Mortgage" was recorded in the Worcester County Registry of Deeds Book 44657 at Page 247 on July 30, 2009.

13.    On June 12, 2012, Nationstar Mortgage LLC as attorney in fact for FDIC as receiver for Amtrust Bank purportedly assigned the subject mortgage to Defendant Nationstar.  Said purported "Second Assignment of Mortgage" was recorded in the Worcester County Registry of Deeds Book 51343 at Page 114 on August 12, 2013.

14.    On March 5, 2015 an affidavit was executed by Christina Journet, a "Document Execution Specialist" for Nationstar Mortgage, LLC.  The affidavit identified Nationstar as the "servicer for the mortgage loan"; that Nationstar "has complied with the requirements of G.L. c. 244 s. 35B by taking reasanble steps and making a good faith effort to avoid foreclosure"; and that "In accordance with the requirements of G.L. c. 244, 35C, the Mortgagee is: the authorized agent of the holder/owner of said promissory note, secured by the mortgage".

15. On March 28, 2016, Defendant Nationstar in accordance with the Statutory Power of Sale and Applicable Law sent Plaintiffs a Notice of Foreclosure pursuant to M.G.L. ch. 244, § 14 and a "Certificate Pursuant to Massachusetts 209 CMR 18.21A(2)(c)"

16. The Certificate pursuant To 209 CMR 18.21A(2)(c) fails to state the "chain of title and ownership of the note. . . from the date of the recording of the mortgage" as the Massachusetts regulation requires. Rather the certificates states that the promissory note was "given to Drew Mortgage" and that "the promissory note is currently owned by Federal National Mortgage Association". Thus the certificate fails to state the chain of ownership of the promissory note and essentially skips over any parties that held/ owned the note between Drew Mortgage and FNMA (ex. Amtrust Bank, Ohio Savings Bank, FDIC, etc.)

17. On April 25, 2016, Defendants foreclosed the subject matter mortgage and claim to have sold the subject property to Edward Jardus at foreclosure auction for $426,000.00.

18. On April 28, 2016 Defendants, through their attorneys, sent the Plaintiffs a letter purporting to comply with Mass. G.L. Ch. 244 Section 15A claiming that the property "has been conveyed to Edward Jardus". This is an untrue statement because as of June 14, 2016 there is no Foreclosure Deed recorded conveying the property

19. As of June 14, 2016, the Tax Assessor's Database of the City of Worcester still reflects that Plaintiffs are the owners of the Property.

## COUNT I
## MORTGAGE POWER OF SALE

20. Plaintiffs' repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

21. Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G,L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
> 
> (POWER)
> 
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.
> 
> (Emphasis added).

22. As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.

23. If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").

6

24. The mortgage given by Plaintiffs' secured by the subject property states at Paragraph 22 as follows:

> If Lender invokes the **STATUTORY POWER OF SALE,** Lender shall mail a copy of a notice of sale to Borrower, and to all other persons prescribed by Applicable Law, <u>in the manner provided by Applicable Law</u>.

(Emphasis added).

25. The Code of Massachusetts Regulations concerning foreclosing third party loan servicers requires that when a Notice of Foreclosure is sent to a borrower pursuant to M.G.L. ch 244, § 14 the third party loan servicer must also provide a certification of the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage. See 209 CMR 18.21A(2)(c).

26. The certification that Defendant Nationstar provided to the Plaintiffs on March 28, 2016 failed to certify, describe or identify the chain of ownership of the promissory note from the date of the recording of the mortgage.

27. The Defendant Nationstar's failure to certify, describe or identify any chain of ownership of the promissory note constituted a violation of said regulation and a breach of the mortgage itself by failing to adhere to the power of sale and any other remedies permitted by applicable law since 209 CMR 18.21A(2)(c) is an applicable law required to be sent with the Notice of Foreclosure.

28. The foreclosure sale conducted by the Defendants is null and void for violating 209 CMR 18.21A(2)(c) and failing to adhere to applicable law as provided in the mortgage at paragraph 22. <u>U.S. Bank Nat. Ass'n v. Ibanez</u>, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to").

## COUNT II
## G.L. c. 244, § 15A

29. Plaintiffs' repeat and incorporate all paragraphs above as if fully articulated herein.

30. The statutes related to foreclosure under sale at G.L. c. 183, § 21, are contained G.L. 244, §§ 11-17C.

31. Failure to comply with any of the above statutes set forth in above paragraph 29 of this complaint voids a foreclosure sale. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 432 (2014) ("Where a [homeowner] claims that the mortgage holder failed strictly to adhere to the requirements under the statutory power of sale set forth in G.L. c. 244, §§ 11-17C, proof of *any* violation of these requirements will void the foreclosure sale….") (Gants, J. concurring) (emphasis in original). Paiva v. Bank of New York Mellon, USDC Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("The Court concludes that under several SJC decisions, strict compliance with § 15A is required, and the consequence of non-compliance is the invalidation of the foreclosure sale.").

32. Under G.L. c. 244, § 15A, part of the power of sale, a mortgagee must notify (1) the City of Worcester's Assessors Office; (2) the City of Worcester Water Department; (3) the City of Worcester Sewer Department, and (4) all residential tenants within 30 days of conveyance of title:

> Section 15A. A mortgagee taking possession of mortgaged premises prior to foreclosure or a mortgagee conveying title to a mortgaged premises pursuant to the provisions of this chapter **shall, within thirty days of taking possession or conveying title**, **notify all residential tenants of said premises, and the office of the assessor or collector of taxes of the municipality in which the premises are located and any persons, companies, districts, commissions or other entities of any kind which provide**

8

>    **water or sewer service to the premises**, of <u>said taking possession or conveying title.</u>

>    (Emphasis Added). (See: G.L. c. 244, § 15A).

*33.*   On April 28, 2016 Defendants, through their attorneys, sent the Plaintiffs a letter purporting to comply with Mass. G.L. Ch. 244 Section 15A claiming that the property "has been conveyed to Edward Jardus".  This is an untrue statement because as of June 14, 2016 there is no Foreclosure Deed recorded conveying the property

34.   As of June 16, 2016, the tax assessors database of the City of Worcester still states that the Plaintiffs are the owners of the Property

35.   Neither Defendants, Nationstar or FNMA, notified the City of Worcester's Assessors Office, within 30 days of conveying title of said conveyance.

36.   Neither Defendants, Nationstar or FNMA, notified the City of Worcester Water Department, within 30 days of conveying title of said conveyance.

37.   Neither Defendants, Nationstar or FNMA, notified the City of Worcester Sewer Department, within 30 days of conveying title of said conveyance.

38.   Defendants, Nationstar or FNMA's, failure to notify (1) the City of Worcester's Assessors Office; (2) the City of Worcester Water Department; (3) the City of Worcester Sewer Department within 30 days of conveyance of title violated G.L. c. 244, § 15A.

39.   As a result, Defendants, Nationstar or FNMA, did not strictly adhere to the foreclosure requirements under the statutory power of sale and the foreclosure is therefore void.

## COUNT III
## VIOLATION OF MASSACHUSETTS REGULATION 209 CMR 18.21A(2)(C)

40. The Code of Massachusetts Regulations concerning foreclosing third party loan servicers requires that when a Notice of Foreclosure is sent to a borrower pursuant to M.G.L. ch 244, § 14 the third party loan servicer must also provide a certification of the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage.  See 209 CMR 18.21A(2)(c).

41. The certification that Defendant Nationstar provided to the Plaintiffs on March 28, 2016 failed to certify, describe or identify any chain of ownership of the promissory note from the date of the recording of the mortgage.

42. The Defendant Nationstar's failure to certify, describe or identify any chain of ownership of the promissory note constituted a violation of said regulation and a breach of the mortgage itself by failing to adhere to the power of sale and any other remedies permitted by applicable law since  209 CMR 18.21A(2)(c) is an applicable law.

43. The foreclosure sale conducted by the Defendants is null and void for violating 209 CMR 18.21A(2)(c) and failing to adhere to applicable law as provided in the mortgage at paragraph 22.

## COUNT IV
## QUIET TITLE

44. Plaintiffs' repeat and incorporate all paragraphs above as if fully articulated herein.

45. The real estate at issue is located at 58 Whisper Drive, Worcester, MA 01609.

46. The Plaintiffs' and Defendant, Nationstar both make claim to the fee simple interest in the aforesaid property.

47.     The Plaintiff William N. & Ioanna Mantalvanos claim ownership and title to the Property from a Deed granting him the property recorded on November, 22 2005 in the Worcester Registry of Deeds Book 37860 at Page 198.  The name and address of the Plaintiff has been set forth herein above.

48.     The Defendant, Nationstar, claims ownership and title to the Property from a void Mortgagee's Foreclosure Sale that occurred on April 25, 2016 and a subsequent void Foreclosure Deed that has not been recorded.  Defendant Nationstar's address is set forth herein above.

49.     Defendant, Nationstar, instituted a non-judicial foreclosure proceeding and foreclosure sale to foreclose on a mortgage secured by the subject property in violation of paragraph 22 of the mortgage, G. L. c. 183, § 21, G.L. c. 244, §15A and 209CMR 18.21A(2)(c).

50.     The resulting foreclosure sale was wrongful, without legal effect and is void.

51.     The foreclosure sale conducted by Nationstar and FNMA is also void as against public policy.

52.     The Plaintiff, William N. & Ioanna Mantalvanos, have suffered damages and loss of his property as a direct result of the conduct of Defendants.

53.     The Plaintiff, William N. & Ioanna Mantalvanos, is entitled to a judgment quieting the title the Property and declaring that he is still the owner of the subject Property.

Dated: June 16, 2016

12

        Respectfully Submitted, Plaintiffs,
        William N. & Ioanna Mantalvanos,
        by their Attorney,

        /s/ Todd S. Dion Esq.
        Todd S. Dion Esq. (659109)
        1599 Smith Street
        North Providence, RI 02911
        401-353-1230 Phone
        401-353-1231 Fax
        toddsdion@msn.com

Case 1:16-cv-11135-JCB   Document 1   Filed 06/20/16   Page 12 of 12